## ALLEN v. CLAUNCH.

1. Objections of form, cannot be made to the declaration, on error, after verdict.
2. An allegation in the declaration, that the note was delivered to the defendant, is a clerical misprision, amended by other parts of the record, and therefore not available on error.
3. When an attachment is sued out on a debt not due, the cause is continued by operation of law, until the maturity of the debt, without any formal continuance being entered.
4. The submission of a cause to a jury, after a judgment by default, is a mere irregularity, not available on error.

Error to the County Court of St. Clair.

Assumpsit by the defendant, against the plaintiff in error, on a promissory note, commenced by attachment. At the return term, January, 1841, the declaration was filed: "For that, whereas, heretofore, to wit: on the 11th February, 1840, at, to wit, &c., the said James H. Allen, made his certain promissory note in writing, bearing date the day and year aforesaid, whereby he promised, on or before the 15th October next, (which

time has long since elapsed,) to pay Joseph Claunch, or order, three hundred dollars, for value received of him, and then and there delivered the same to the said *James H. Allen,* and afterwards, on the day and year last aforesaid, at, to wit, &c., the said James H. Allen made his certain other promissory note, in writing, bearing date the day and year last aforesaid, whereby he promised to pay, on the 25th December, 1841, to Joseph Claunch, one hundred dollars, value received of him, and then and there delivered the same to the said Joseph Claunch, yet the said defendant, &c.

No entry appears to have been made at the June term, 1841.

At the January term, 1842, a judgment was rendered by default, and afterwards a jury was impanneled, who returned a verdict for the plaintiff, upon which the Court rendered judgment.

The errors assigned are—1. The Court erred in the judgment rendered.

2. The action was discontinued by the omission to continue, or take any step in the cause at the July term, 1841.

3. In rendering judgment by default, and then submitting the cause to a jury.

4. In rendering judgment for the plaintiff in attachment, when the declaration shows that the note first described, was delivered, not to the plaintiff, but to James H. Allen, the defendant.

Rice, for plaintiff in error, contended that the declaration was uncertain, insufficient and repugnant. The action being founded on notes in writing ascertaining the amounts, it was the duty of the clerk, under the direction of the Court, to assess the amount due.

The proceedings ought to have been stayed until the demand matured. The debtor has, until the first term after the maturity of the debt to plead. [1 Ala. Rep. 199.] The proceedings not being stayed, or the cause continued at July term, 1841, the cause was discontinued.

He also referred to 2 Cooke's Rep. 303; 6 Com. Dig. 266, 269.

ORMOND, J.—The objections made to the declaration, are matters of form, and cannot be raised in this Court, setting forth as it does a substantial cause of action. The allegation that the note was "delivered to James H. Allen," is evidently a mere clerical misprision, which is amended by other parts of the record. The description of the date of the second note, that it was made "on the day and year last aforesaid," we understand to refer to the alledged date of the first note. But if we are mistaken in this, the objection could not be made on error; if the date of the note was blank, the time when it became due, being alledged, would be sufficient, no objection being made in the Court below.

Nor can it avail that there was no formal order made, that the proceedings be stayed until the maturity of the note, as the proceedings were in fact stayed. Nor was it necessary that an order should be made to continue the cause. The debt not being due when the suit was commenced by attachment, rendered it necessary to suspend all proceedings, until the debts matured and therefore the cause was continued at the intervening term, by operation of law.

The filing a declaration at the return term of the attachment, is not an irregularity which can be reached on error, as it could not, by possibility, cut off any defence, which the defendant might have desired to avail himself of, in the Court below.

It was not erroneous to submit the cause to a jury, though the Court might have rendered judgment upon the notes. It was a mere irregularity, which could not prejudice the defendant.

Let the judgment be affirmed.